UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KEISHA RENEE MAYNARD                      CIVIL ACTION NO. 6:14-cv-02885

VERSUS                                    JUDGE DOHERTY

CHRYSLER GROUP, LLC,                      MAGISTRATE JUDGE HANNA
ACADIANA DODGE, INC., AND
SANTANDER CONSUMER USA INC.

### *SUA SPONTE* BRIEFING ORDER

It is axiomatic that federal courts are courts of limited jurisdiction, and the burden of establishing federal-court jurisdiction rests on the party invoking the federal forum.[1] Therefore, the plaintiff, who filed this lawsuit in this forum, must bear the burden of establishing this Court's subject-matter jurisdiction.

The plaintiff contends that this Court has subject-matter jurisdiction over this action because a claim was asserted under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d). No other basis of federal-court jurisdiction was alleged.

The MMWA supports federal-court jurisdiction only if the amount in controversy exceeds $50,000 exclusive of interests and costs.[2] The undersigned

---

[1] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 15 U.S.C. § 2310(d)(3)(B).

reviewed the plaintiff's complaint and finds that it is not facially apparent that the amount-in-controversy requirement is satisfied. Because the amount-in-controversy requirement is jurisdictional, the court must *sua sponte* raise the issue if there is any doubt concerning subject-matter jurisdiction.[3]  "The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]."[4] Additionally, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction."[5]

The plaintiff alleges that she purchased a vehicle for $45,273.75, including finance charges, and claims that her damages exceed $50,000. However, the plaintiff does not explain how she reaches the $50,000 figure except to say that her damages "include rescission of the sale including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded. . . . ." (Rec. Doc. 1 at 9). The

---

[3] *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998) ("'[the court is] obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction'") (quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

[4] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1263 & N. 13 (5th Cir. 1998) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[5] *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir.1984).

plaintiff can only collect economic losses under the MMWA,[6] and attorneys' fees are not included in the damages calculation since they are categorized as costs under the statute.[7] Furthermore, in *Ward v. Tupelo Auto Sales, Ltd.*, No. 1:98CV261-B-D, 1998 WL 930798, at *2 (E.D. Miss. Nov. 25, 1998), the court held that it had no jurisdiction over a claim based on the purchase of an allegedly defective vehicle on the basis that "the alleged consequential costs are unspecified." In the Sixth and Seventh Circuits, the party asserting federal jurisdiction under the MMWA is required to "allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle."[8] In those circuits, the amount of finance charges is not included in the calculation since "the question of whether federal jurisdiction exists under the Magnuson-Moss Warranty Act should not be determined by whether a finance contract was used in purchasing an automobile. This is particularly true since the Act provides that the amount in controversy does not include interest."[9]

Accordingly,

---

[6] *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1068 (5th Cir. 1984).

[7] *Boelens v. Redman Homes, Inc.*, 748 F.2d at 1069.

[8] *Golden v. Gorno Bros.*, 410 F.3d 879, 884 (6th Cir. 2005) (quoting *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 521 (7th Cir. 2003)).

[9] *Golden v. Gorno Bros.*, 410 F.3d at 883.

IT IS ORDERED that the plaintiff shall, not later than twenty-one days after the date of this order, file a memorandum setting forth specific facts that support a finding that the amount-in-controversy exceeds $50,000 exclusive of interests and costs. These facts should be supported with summary-judgment-type evidence. The defendants will be allowed seven days to respond to the plaintiff's submission.

Signed at Lafayette, Louisiana on January 2, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE